IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| Craig Vestal | § | |
| | § | |
| *Plaintiff* | § | Civil Action No.: |
| | § | |
| | § | 5:20-cv-1394 |
| | § | |
| v | § | |
| | § | |
| | § | |
| | § | |
| McCarthy, Burgess, & Wolff, Inc. | § | |
| | § | |
| *Defendant* | § | |
| | § | |

Plaintiff's Original Complaint

_____

Introduction

1. The Fair Debt Collection Practices Act was enacted to stop debt collectors from harassing, abusing, and making misrepresentations to and about consumers. Congress found that these practices led to the job loss, the number of personal bankruptcies, invasions of privacy, and marital disharmony.

2. Plaintiff brings this action for Defendant's false and misleading representations in violation of the FDCPA and seeks his actual damages, statutory damages, attorney's fees, and costs.

Jurisdiction & Venue

3. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

4. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

Parties

5. Plaintiff, Craig Vestal, is a natural person who resides in and has resided in Garden Ridge, Comal County, Texas at all times relevant to this action.

6. Defendant, McCarthy, Burgess, & Wolff, Inc., is an Ohio corporation whose primary business address is 26000 Cannon Road, Cleveland, Ohio 44146. MB&W may be served with process via its registered agent, Stephen G. Wolff, at 7275 Canyon Point Circle, Brecksville Ohio 44140.

7. MB&W regularly collects, and attempts to collect, defaulted debts which were incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of others using the U.S. Mail, telephone, and internet.

8. The principal purpose of MB&W is the collection of such debts.

9. MB&W is a third-party debt collector as that term is defined by the FDCPA.

10. As a third-party debt collector, Texas law requires MB&W to maintain a bond on file with the Texas Secretary of State.

11. According to the Texas Secretary of State, MB&W maintains third-party debt collector bond number 016031236.

Facts

12. The Debt is a defaulted debt that Vestal used for personal, family, and household purposes (the "Debt").

13. Vestal contracted for home improvements.

14. After a dispute with the contractor, the contractor filed a lien on Vestal's real property in the Comal County official public records.

15. The contractor turned the Debt over to MB&W for collections.

16. Vestal wanted to sell the property and called MB&W to settle the Debt.

17. During the phone call, MB&W represented to Vestal that his payment would fully resolve all the claims regarding the Debt.

18. James Siverhus, an MB&W employee, represented that the contractor approved the deal and that Vestal was "done with them" that he would be "released" and that the contractor "can not come after him."

19. Relying on these representations on or about January 2, 2020 Vestal made a one-time payment to resolve the debt.

20. Months later Vestal attempted to sell the property but was unable to because the lien on the property had not been released.

21. As of November 2020, the lien had not been released and Vestal could not sell or otherwise transfer the property.

Cause of Action – Fair Debt Collection Practices Act

22. McCarthy Burgess, & Wolff, Inc is a debt collector as defined by 15 U.S.C. § 1692a(6).

23. The Debt is a debt as defined by 15 U.S.C. § 1692a(5).

24. Vestal is a consumer as defined by 15 U.S.C. § 1692a(3).

25. The representations are communications as defined by 15 U.S.C. § 1692a(2).

26. MB&W violated the FDCPA in that it falsely represented that Vestal's payment would release him from Debt in violation of 15 U.S.C. §§ 1692e and e(10).

Jury Demand

27. Plaintiff demands this case be tried before a jury.

Prayer for Relief

Plaintiff prays that this Court enter judgment against Defendant and in favor of Plaintiff for:

a. Actual damages per 15 U.S.C. § 1692 k(a)(1);

b. Statutory damages per 15 U.S.C. § 1692k(a)(2); and

c. Attorney's fees, costs, and litigation expenses per 15 U.S.C. § 1692 k(a)(3).

Dated December 7, 2020        Respectfully Submitted,

/s/William M. Clanton
William M. Clanton
Texas Bar No. 24049436

Law Office of Bill Clanton, P.C.
926 Chulie Dr.
San Antonio, Texas 78216
210 226 0800
210 338 8660 fax
bill@clantonlawoffice.com